said libel mentioned, citing them to appear and make due proof of their respective claims, and meanwhile that, until the further order of this court, the said Sarah Parsons be restrained from prosecuting her above mentioned suit against the libellant.

## Case No. 4,507.

### EQUITABLE SAFETY INS. CO. v. DUNHAM.

[See Case No. 10,155, note.]

## Case No. 4,508.

### EQUITABLE TRUST CO. v. SELDON.[1]

Circuit Court, D. Connecticut.[2]

SHIPMAN, District Judge. This cause was tried by the court, a jury having been waived by written stipulation of the parties. The counsel of the respective parties, having been thereunto duly authorized, agreed that the statement of facts, which is signed by them, and which is made a part of the record, is true. The court, upon the hearing and trial of said cause, also finds that said agreed statement contains the facts and all the facts which are proved in the cause, and is true,

[1] [Not previously reported. Date of decision not given.]

[2] [Affirmed in 94 U. S. 419.]

and said statement is hereby incorporated into and made a part of this finding. The conclusion of law upon the foregoing and agreed facts is that the plaintiff corporation was not a bank or a banker under the provisions of the 79th section of the act of June 30, 1864 (13 Stat. 251), as amended by the 9th section of the act of July 13, 1866 (14 Stat. 115), at the time when said tax was paid to the defendant, and said suit was brought, and that said tax was improperly exacted.

Section 3407 of the Revised Statutes of the United States is a transcript of that portion of the 79th section of the act of June 30, 1864, as amended, which contains the definition of a bank or a banker, and is as follows: "Every incorporated or other bank, and every person, firm or company having a place of business where credits are opened by the deposit or collection of money or currency, subject to be paid or remitted upon draft, check, or order, or where money is advanced or loaned on stocks, bonds, bullion, bills of exchange, or promissory notes, or where stocks, bonds, bullion, bills of exchange, or promissory notes are received for discount or for sale, shall be regarded as a bank or as a banker." Although said corporation is empowered by its charter to receive money upon deposit, it is expressly found that it does not collect, nor has it ever collected or received, any deposit of money subject to be paid or remitted upon draft, check, or order. It does not receive or open credits by the deposit or collection of money or currency. The plaintiff's sole business consists in the loaning or investment of its capital upon mortgages of real estate, and in the sale of the mortgage securities which are the evidence of such loans, the corporation also guarantying to the purchaser the payment of such securities. The defendant, conceding that the plaintiff corporation is not included within the first clause of the section just cited, strenuously contends that it is a bank or a banker within the second and third branches of the definition contained in the act. In my opinion, by the clause, "where money is advanced or loaned on stocks, bonds, bullion, bills of exchange or promissory notes," is meant, the loan of money upon the pledge, hypothecation or mortgage of the personal property therein mentioned, as a collateral security for the repayment of the amount loaned, and that the loaning of money, where the loans are evidenced merely by the note of the borrower, without security, is not intended to be embraced in this part of the definition. The business of the plaintiff is the loan of money upon mortgages of real estate, and no money is loaned upon bonds or any personal security. A bond is given to the lender as an evidence of the sum loaned and of the borrower's promise to repay it; the money is loaned not upon the bond, but exclusively on or upon the mortgage of real estate. The